**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

AVANTI GAREDO,

PLAINTIFF

v.                                                                Civil Action No. 2:24-cv-00559

TRANSPORTATION DISTRICT
COMMISSION OF HAMPTON ROADS
d/b/a/ HAMPTON ROADS TRANSIT,

DEFENDANT.

## MEMORANDUM IN SUPPORT OF PIERCE JEWETT, PLLC'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

Pierce Jewett, PLLC ("Pierce Jewett") respectfully requests that the Court grant its Motion to Withdraw as counsel for Plaintiff pursuant to Local Civil Rule 83.1(H). In support thereof, counsel states as follows:

Plaintiff Garedo first retained Pierce Jewett in or around November 2023 in connection with prospective legal claims against Defendant Transportation District Commission of Hampton Roads d/b/a Hampton Roads Transit ("Defendant" or "HRT"). Following an initial period of attempted settlement negotiations, Plaintiff, through counsel, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in or around January 2024, and after exhausting that administrative process, filed the present action with this Court on November 12, 2024. ECF No. 1.

Since this action has been filed, counsel for Plaintiff has litigated zealously on Garedo's behalf, including early motions practice, written discovery, numerous depositions, and attempted

settlement negotiations. Unfortunately, as the litigation process has unfolded, the professional relationship between Pierce Jewett and Plaintiff has deteriorated to the point that Pierce Jewett does not feel it can effectively represent Garedo in ongoing litigation. Most notably, Plaintiff at present seems to be refusing to engage in any form of live communication with legal counsel (e.g., telephone, virtual, or in-person meetings) but rather insists that all communication take place via email, the contents of which have grown increasingly confrontational.[1] This will undoubtedly impact counsel's ability to effectively represent Garedo's interests moving forward, most notably with respect to the pending Summary Judgment Motion filed by Defendant on October 31, 2025.

In the Fourth Circuit the decision to grant a motion for an attorney to withdraw "lies within the sound discretion of the trial judge." *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1142 (4th Cir. 1990). We believe withdrawal is appropriate here where the attorney-client relationship has become such that effective representation is not possible. Plaintiff's refusal to effectively communicate with counsel constitutes a failure to substantially fulfill an obligation to counsel under Rule 1.16(b)(4) of the Virginia Rules of Professional Conduct, thus justifying withdrawal from representation. *See id.* 1.16(b)(4) ("[A] lawyer may withdraw from representing a client if…the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services[.]"). Moreover, as can be demonstrated via *in camera* submissions, Plaintiff has been given reasonable warning that Pierce Jewett will withdraw as counsel if Plaintiff continues to refuse to effectively communicate. *See id.* (requiring "reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]").

---

[1] Though we do not feel it is proper to disclose the details of the attorney-client relationship in a public submission, counsel is willing and able to provide additional details as part of an *in camera* submission to the Court if it will assist the Court in reaching a determination on this motion.

Lastly, notwithstanding other circumstances justifying withdrawal, Rule 1.16(b) provides that counsel may withdraw "if withdrawal can be accomplished without material adverse effect on the interests of the client[.]" *See id.* 1.16(b). Accordingly, counsel hereby requests that, in conjunction with granting Pierce Jewett leave to withdraw as counsel for Plaintiff in this action, Plaintiff's deadline to file a brief in response to Defendant's Motion for Summary Judgment (ECF 18) be postponed by 60 days to provide plaintiff with sufficient to time to seek out new counsel or otherwise prepare a response brief *pro se*.[2]

WHEREFORE, for the foregoing reasons, pursuant to Local Civil Rule 83.1(H), Pierce Jewett, PLLC respectfully request that the Court enter an Order granting its Motion to Withdraw and such other relief as the Court deems just and proper.

Dated: November 4, 2025

Respectfully submitted,

_____/s/_____

Benjamin D. Johnson (VSB No. 90812)
Joel White, Esq. (VSB No. 98454)
Pierce Jewett, PLLC
1111 E. Main St., Ste. P120
Richmond, VA 23219
Telephone: (804) 564-1307
bjohnson@piercejewett.com
jwhite@piercejewett.com

*Counsel for Plaintiff Avanti Garedo*

---

[2] Counsel will continue to prepare, as best as they can, a response to Defendant's Motion for Summary Judgment unless and until this motion is granted or Plaintiff instructs otherwise.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification to:

Anne G. Bibeau, Esq. (VSB No. 41488)
Henry P. Huff, Esq. (VSB No. 100784)
WOODS ROGERS VANDEVENTER BLACK, PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Tel: 757-446-8600
Fax: 757-446-8670
anne.bibeau@woodsrogers.com
henry.huff@woodsrogers.com

*Counsel for Defendant*

_____/s/_____
Benjamin D. Johnson (VSB No. 90812)

*Counsel for Plaintiff Avanti Garedo*

4